United States District Court
for the
Southern District of Florida

| | |
|---|---|
| American Tugs, Incorporated, Plaintiff, | ) ) ) ) Civil Action No. 20-23095-Civ-Scola ) **In Admiralty** ) ) |
| v. | |
| 3HD Supply, LLC, Defendant. | |

### Order Denying Motion to Dismiss and to Strike

    Plaintiff American Tugs, Incorporated, complains Defendant 3HD Supply, LLC, breached the parties' contract by failing to pay amounts due both for work performed and for various expenses and by failing to provide proper termination notice. (Compl., ECF No. 1.) American Tugs also sought recovery from two individual Defendants, Humberto Diaz and Soraya Valero, alleging purported causes of action against them for "piercing the corporate veil." American Tugs has since voluntarily dismissed this action as to those individual defendants (Order, ECF No. 18), however, and so the Court denies their motion to dismiss as moot. At the same time, 3HD, now the only remaining defendant, asks the Court to strike portions of the complaint, under Federal Rule of Civil Procedure 12(f), contending American Tugs' recitation of the history of prior litigation between the parties is immaterial and impertinent. (Def.'s Mot. to Dismiss and Strike, ECF No. 15.) American Tugs opposes 3HD's motion to strike, submitting the procedural history of the New York litigation is directly relevant to American Tugs' claim for prejudgment interest. (Pl.'s Resp., ECF No. 16.) 3HD did not reply to American Tugs' response and the time to do so has passed. The Court is not persuaded by 3HD's motion that the procedural history of the New York litigation should be struck from the complaint and, therefore, denies the motion to strike.

    Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013) (Graham, J.). District courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005) (Ryskamp, J.) Despite this discretion, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied

unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306 F.2d 862, 868 (5th Cir. 1962)).

Here, American Tugs seeks to recover prejudgment interest as part of its damages. (Compl. at 8.) To that end, American Tugs contends, and 3HD does not dispute, that among the factors that might serve as a basis for a court to deny prejudgment interest is a plaintiff's delay in bringing suit. (Pl.'s Resp. at 3; *see Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1217 (5th Cir. 1980) (recognizing a "delay in bringing suit" as "an adequate basis" upon which a court may base a decision to deny prejudgment interest in an admiralty case).) American Tugs' recitation of the procedural history of its dismissed New York case, against the same defendant, then, is directly related to an issue raised in this case: if true, the allegations could demonstrate that, to the extent American Tugs' prosecution of this case has been delayed, that delay, at least in part, may be attributable to 3HD. Accordingly, the Court finds, contrary to 3HD's contention, that American Tugs' allegations regarding what 3HD refers to as an "improperly commenced . . . action against the defendants in the Southern District of New York," is not immaterial or impertinent.

Thus, for the reasons set forth above, the Court **denies** 3HD's motion, **in part**, as to the motion to strike, and **denies** it **as moot**, in part, as to the motion to dismiss the individual defendants (**ECF No. 15**).

3HD must file its answer to the complaint on or before **March 26, 2021**.

**Done and ordered** at Miami, Florida on March 19, 2021.

_____
Robert N. Scola, Jr.
United States District Judge